**UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**Eastern Division**

| | | |
|---|---|---|
| In re: | ) | Case No.: 13-06829 |
| | ) | |
| CHRISTAL TOLBERT, | ) | Chapter 7 |
| | ) | |
| Debtors. | ) | Judge: Honorable LaShonda Hunt |
| | ) | |
| | ) | |
| Christal Tolbert, | ) | Adv. Proc. No.: 21-00017 |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | |
| | ) | |
| CHRISTAL TOLBERT, | ) | |
| | ) | |
| Defendant. | ) | |

**NAVIENT SOLUTIONS, LLC'S**
**ANSWER TO AMENDED COMPLAINT**

Navient Solutions, LLC ("Navient"), on behalf of itself and named defendant, "Navient", by and through its undersigned counsel, hereby provides its Answer to the allegations of Plaintiff, Christal Tolbert ("Plaintiff")'s, Amended Complaint ("Complaint"), and states as follows:

Department of Education Direct Student Loans

Navient is a servicer of certain United States Department of Education ("DOE") Direct Consolidation Loans and Stafford Student Loans, on which the Plaintiff is liable ("DOE Loans"). The DOE Loans are held by the DOE, and Navient is a servicer of the DOE Loans on behalf of the DOE. Navient has no interest in the DOE Loans except as a servicer. Navient has no authority to litigate the discharge of the Plaintiff's DOE Loans.

Navient Loan

In addition to its role as servicer of the DOE Loans, Navient is also a holder of one (1) educational MBA Loan on which the Plaintiff is liable ("Navient Loan"), with a balance totaling approximately $5,210.78, as of the date of the filing of Plaintiff's Complaint. Navient is willing to agree to discharge the Plaintiff's liability on the Navient Loan.

Navient' Strategy

Navient has no authority to litigate the discharge of the DOE loans. Navient will agree to discharge the Navient Loan. The DOE will not recognize any judgment against Navient as effective upon the DOE Loans. It is not clear to Navient whether the Plaintiff understands Navient's relationship to the DOE Loans, but Navient does not intend to litigate / defend the dischargeability of any debt in this adversary proceeding. In the event that Navient is unable to obtain the agreement of the Plaintiff to discharge of the Navient Loan, in exchange for dismissal of Navient as a defendant in this matter, Navient will likely file a Motion for this relief.

**Navient's Answer to the Allegations in the Plaintiff's Complaint**

Procedural Background and Jurisdiction

1. The Debtor commenced this Chapter 7 case January 9, 2013.

**Answer:** Denied. On information and belief, Plaintiff's main bankruptcy case was commenced by the filing of a voluntary Chapter 7 petition on February 22, 2013.

2. The case was discharged on May 29, 2019. The discharge order was in the Court's standard form and did not discharge the Debtor of student loan debts.

**Answer:** Admitted.

3. On October 29, 2020, the Debtor moved to reopen her bankruptcy case for the purpose of filing an adversary against Navient to determine the discharge ability of certain student loans.

**Answer:** Admitted.

4. The Debtor's pro se adversary compliant was docketed as of October 29, 2020. The pro se complaint identified Navient as the defendant.

**Answer:** Denied. On information and belief, Plaintiff's Complaint was filed on January 26, 2021.

5. The pro se complaint challenged the amount of student loan debt asserted by the Defendant and asserted that the student debt was dischargeable because it placed an undue hardship of the Debtor.

**Answer:** The Plaintiff's Complaint is on file with the court and speaks for itself.

6. The Defendant has not filed an answer to the pro se complaint as of 1/24/2021 since the complaint was mailed same day via certified mail.

**Answer:** It is admitted only that this Answer is Navient's first Answer to the Plaintiff's Complaint or Amended Complaint and is date stamped by the court's ECF system as of the date of filing.

7. The court has jurisdiction over this matter under 28 U.S.C. 1334(b) as this case concerns matters that arise under 11 U.S.C. 502(b) (allowance of claims) and 523(8) (discharge of student loan debt).

**Answer:** It is admitted only that this court has jurisdiction over the issue of dischargeability of debt under 11 U.S.C. §523(a)(8). By way of further response, the Plaintiff's

main bankruptcy case was discharged and closed as a 'no asset' case, and therefore, allowance of claims is not an issue in this matter.

## Background and Facts

8.  The Debtor attended Northern Illinois University from 1994-1998, she received her Bachelor's degree in 1998.  The Debtor attended Keller Graduate School and University of Phoenix 2002 to 2005 where she received her Master's Degree.  The Debtor attempted to pursue her doctoral degree at Walden university from 2011 to 2013 but was unsuccessful.

**Answer:** Navient is without information or knowledge sufficient to form a belief as to the truth of the averments contained within this paragraph of Plaintiff's Complaint, and in an abundance of caution, denies same.

9.  While a student at the above schools the Debtor received several loans to cover tuition and other expenses including living expenses.  The Debtor received the following loans:

| | |
|---|---|
| Northern Illinois and Keller University 1994-1993 | $27,952 (unsubsidized and subsidized loans) |
| University of Phoenix 2003-2005 | $37,000 (unsubsidized and subsidized loans) |
| Walden and Trident University 2011-2016 | $67,644 (unsubsidized and subsidized loans) |
| Above Loans consolidated 9/29/2017 | $132,596.00 |
| Consolidation Amount Due as of 1/21/21 | $285,355 |
| *Private Navient School Loan  Not Consolidated 2/2006 | Original Loan Balance $5000  Current Loan Balance $5303 |

**Answer:** It is admitted only that Navient is a servicer of certain DOE Consolidation Loans, disbursed in September 2017, as well as Stafford Student Loans disbursed at various times in 2019, and is also a holder of one MBA Loan, originally disbursed in July 2004.

10.    From 2000 to 2019, the Debtor attempted to make payments on the above loans. However because of missed payments due to illness, lack of income, gap in employment and the compounding interest that accrued greater than seven percent, by 2021 the balance under the loans exceeded the original amounts borrowed.

**Answer:** It is admitted only that Navient is a servicer of certain DOE Consolidation Loans, disbursed in September 2017, as well as Stafford Student Loans disbursed at various times in 2019, and is also a holder of one MBA Loan, originally disbursed in July 2004. It is also admitted that the combined balance of the DOE Loans is in excess of that originally disbursed.

11.    On 9/29/2017 the above loans were consolidated into a single loan growing from the original loans amount of $128,000 currently as of January 2021 to $285,355.

**Answer:** It is admitted only that Navient is a servicer of certain DOE Consolidation Loans, disbursed in September 2017, as well as Stafford Student Loans disbursed at various times in 2019, and is also a holder of one MBA Loan, originally disbursed in July 2004. It is also admitted that the combined principal balance of the DOE Loans is approximately $266,586.72, not including as yet uncapitalized accrued interest.

12.    From 2017 to present the Debtor attempted to make payments under the consolidation loan. However, during this period the debtor was not able to make scheduled loans payments, requested the loans to be placed in forbearance which resulted in continued accrued interest.

**Answer:** Navient is without information or knowledge sufficient to form a belief as to the truth of the averments contained within this paragraph of Plaintiff's Complaint, and in an abundance of caution, denies same.

13.     The Debtors inability to make loan payment was in part caused a divorce in 2013 due to Domestic Abuse which resulted in her becoming a single mom of two which caused and continue to a financial strain.  Prior to the divorce she was a stay at home Mom who did not work.

**Answer:** Navient is without information or knowledge sufficient to form a belief as to the truth of the averments contained within this paragraph of Plaintiff's Complaint, and in an abundance of caution, denies same.

14.     The Debtor suffers from hereditary mental illness that occasionally manifest itself as extreme anxiousness, depression and blackouts.  Because of this illness, the Debtor requires frequent medical attention, incurs large uninsured medical expense and has been hospitalized.

**Answer:** Navient is without information or knowledge sufficient to form a belief as to the truth of the averments contained within this paragraph of Plaintiff's Complaint, and in an abundance of caution, denies same.

15.     The Debtor illness has not prevented her from working full time in the education sales field but unfortunately has caused her not to have job stability having worked a total of 13 jobs between 2010-2019 and having been laid off or fired due to excessive absences due to blackouts and/or episodes of depression.  The most recent layoff happening in September of 2020.  The illness does prevent Debtor from expanding her work load or responsibilities in a way that might materially increase her pay.  It also prevents her from holding a second job.  The Debtor also expects that her illness will prevent her from working consistently full time much beyond her 60th birthday (the Debtor is presently 44).

**Answer:** Navient is without information or knowledge sufficient to form a belief as to the truth of the averments contained within this paragraph of Plaintiff's Complaint, and in an abundance of caution, denies same.

16.     In addition to the multiple jobs described above, the Debtor's illness has caused her to experience gaps in employment in the 16 years since she graduated from Northern Illinois University.  During these gaps, some of which occurred at a time when the Debtor was the single parent of two children living at home who was dependent on the Debtor for support, the Debtor missed payments on her student loans.

**Answer:** Navient is without information or knowledge sufficient to form a belief as to the truth of the averments contained within this paragraph of Plaintiff's Complaint, and in an abundance of caution, denies same.

17.     By 2020, the balance owed under the consolidated loan, exceeded $280,000, nearly two times the original amount of the loans.

**Answer:** It is admitted only that Navient is a servicer of certain DOE Consolidation Loans, disbursed in September 2017, as well as Stafford Student Loans disbursed at various times in 2019, and is also a holder of one MBA Loan, originally disbursed in July 2004.  It is also admitted that the combined principal balance of the DOE Loans is approximately $266,586.72, not including as yet uncapitalized accrued interest.

18.     In an addition, the repayment of the loan would place an undue burden on the Debtor.  The loans are currently in forbearance status due to the National Emergency Forbearance Covid Pandemic and is income driven.  The monthly loan payments would normally be in excess of $1000 if not due to the forbearance and accruing interest as it has been prior to the pandemic.  The Debtor fears that once the Covid Student Loans restrictions are lifted, the

monthly payment will be unaffordable and continue to accrue interest to an amount that makes it harder to paydown.  The debtor is also concerned that due to high unemployment rates at this time due to Covid and her unstable job history and illness it will be difficult for her to find stable consistent employment.

**Answer:** It is admitted only that the DOE Loans are in a forbearance ordered by the U.S. government as a result of the Covid pandemic.

19.     The Debtor has no savings and no retirement account, as set forth below, lacks the income to save money for retirement.  The Debtor does not own a home or a business.  Other than current unemployment, the Debtor is likely to have no income upon retirement.

**Answer:** Navient is without information or knowledge sufficient to form a belief as to the truth of the averments contained within this paragraph of Plaintiff's Complaint, and in an abundance of caution, denies same.

20.     The Debtor presently receives unemployment of $1952 (with a recent additional unemployment temporary government Covid increase of $1200) which is due to end on September 2021 and child support of $700 for a total monthly income of $3852.

The Debtor's net pay is entirely consumed by the following expenses:

- Rent of $1,821 a month (includes trash and sewer cost)
- Utilities and telephone of $300 a month
- Uninsured medical expenses of the Debtor and her daughters that average $500 a month
- Life insurance $57.00
- Automobile monthly payment, insurance, maintenance and gas of $601 a month
- Credit Card Debt $380 a month

- Food, clothing, sundry home and personal care expenses that average $200

- Miscellaneous of $140 a month (including support for college daughter).

**Answer:** Navient is without information or knowledge sufficient to form a belief as to the truth of the averments contained within this paragraph of Plaintiff's Complaint, and in an abundance of caution, denies same.

21. Based on the foregoing, the Debtor lacks the resources to service her student loan in the amount requested by the Defendant.

**Answer:** Navient is without information or knowledge sufficient to form a belief as to the truth of the averments contained within this paragraph of Plaintiff's Complaint, and in an abundance of caution, denies same.

## COUNT 1

22. The Debtor re-incorporates allegations 1 through 21 above.

**Answer:** No response.

23. On information and belief, the amount claimed by the Defendant as owed by the Debtor for her student loans has doubled causing the loan amount to be difficult to pay and continue to accrue interest. The Debtor asks for an accounting of the amount allegedly owed, showing the month-to-month application of accrued interest.

**Answer:** This paragraph of Plaintiff's Complaint is a request for relief, to which no answer is required.

24. In addition, not all of the proceeds of the loans received by the Debtor were for direct educational purposes. Some of the proceeds were used to pay living expenses incurred at the time the Debtor was a student.

**Answer:** Navient is without information or knowledge sufficient to form a belief as to the truth of the averments contained within this paragraph of Plaintiff's Complaint, and in an abundance of caution, denies same.

## COUNT II

25.    The Debtor re-incorporates allegations 1 through 24 above.

**Answer:** No response.

26.    Repayment of the Debtor's student loans, in the amount claimed by the Defendant or anywhere near that amount, would prevent the Debtor from maintaining a minimal standard of living.  At seven percent interest, monthly payments of about $1000 would be required over the next 20 years (through the Debtor's expected work life).  That level of payments would require a Significant reduction of current living expenses and would preclude the Debtor from saving for Retirement.

**Answer:** Navient is without information or knowledge sufficient to form a belief as to the truth of the averments contained within this paragraph of Plaintiff's Complaint, and in an abundance of caution, denies same.

27.    The Debtor's inability to pay the loan in the amount demanded by the Defendant is likely to persist.  Because of her illness, the Debtor is unable to commit the time and energy necessary to advance in her profession, or to take a second job.  Moreover, the Debtor does not have enough career years left to warrant an investment of time or money in a more lucrative field.

**Answer:** Navient is without information or knowledge sufficient to form a belief as to the truth of the averments contained within this paragraph of Plaintiff's Complaint, and in an abundance of caution, denies same.

**Affirmative Defenses**

 Ineffective service of process upon the defendant.

 WHEREFORE, Navient Solutions, LLC respectfully requests judgment in its favor and against Plaintiff and such other relief as is just and equitable.

         Respectfully submitted,

          /s/  *Christopher H. Purcell*
         Christopher H. Purcell  ARDC #6244763
         SHERMAN & PURCELL, LTD.
         112 Cary Street
         Cary, IL  60013
         Telephone: (312) 372-1487
         Facsimile: (312) 372-9697
         Email: shermlaw13@aol.com
         Attorneys for Navient Solutions, LLC

# UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### Eastern Division

| | | |
|---|---|---|
| In re: | ) | Case No.: 13-06829 |
| | ) | |
| CHRISTAL TOLBERT, | ) | Chapter 7 |
| | ) | |
| Debtors. | ) | Honorable LaShonda Hunt |
| | ) | |
| Christal Tolbert, | ) | Adv. Proc. No.: 21-00017 |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | |
| | ) | |
| CHRISTAL TOLBERT, | ) | |
| | ) | |
| Defendant. | ) | |

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that I am more than 18 years of age and not a party to the matter concerning which service was accomplished. I further certify that on the 7th day of April 2021, I served by first class United States mail, postage prepaid, a true and correct copy of Navient Solutions, LLC's Answer to Complaint, upon the following persons:

Christal Tolbert
Post Office Box 9120
Naperville, IL  60567


/s/ *Christopher H. Purcell*
Christopher H. Purcell  ARDC #6244763
SHERMAN & PURCELL, LTD.
112 Cary Street
Cary, IL  60013
Telephone: (312) 372-1487
Facsimile: (312) 372-9697
Email: shermlaw13@aol.com
Attorneys for Navient Solutions, LLC