**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 13bk06829 |
|     Christal Tolbert, | ) | Chapter 7 |
| | ) | |
|         Debtor. | ) | Judge LaShonda A. Hunt |
| | ) | |
| | ) | |
| Christal Tolbert, | ) | |
| | ) | |
|         Plaintiff, | ) | Adv. No. 21ap00017 |
| v. | ) | |
| | ) | |
| United States Department of Education, | ) | |
| | ) | |
|         Defendant, | ) | |
| | ) | |

**<u>MEMORANDUM OPINION</u>**

Plaintiff/debtor Christal Tolbert was granted leave to reopen her bankruptcy case and initiate an adversary proceeding to determine the dischargeability of her student loans under 11 U.S.C. § 523(a)(8). Tolbert eventually filed an amended complaint against United States Department of Education and Navient Solutions, LLC seeking to discharge nearly $300,000 of pre-petition student loans that she had consolidated post-petition. Navient settled its claim with Tolbert. DOE has now moved for summary judgment, contending that the consolidation created a new post-petition loan that is no longer eligible for discharge. Although pro bono counsel for Tolbert appeared in opposition to the motion and asked for time to respond, Tolbert did not file a brief or contest DOE's statement of facts. For the reasons that follow, summary judgment will be granted in favor of DOE on the amended complaint.

1

## BACKGROUND

The facts are derived from DOE's statement of material facts under Local Rule 7056-1. Because Tolbert did not respond, they are undisputed. *See* Local Bankr. R. 7056-2(B) ("[A]ll material facts set forth in the statement required of the moving party will be deemed to be admitted unless controverted by the statement of the opposing party."); *see also In re Signore*, 436 B.R. 65, 67 (Bankr. N.D. Ill. 2010) ("If a nonmovant fails to properly respond to a movant's 56.1(a) statement, the movant's factual allegations are deemed admitted.") (citation omitted). The Court also takes judicial notice of the dockets in the bankruptcy case and adversary proceeding. *See Inskeep v. Grosso (In re Fin. Partners)*, 116 B.R. 629, 635 (Bankr. N.D. Ill. 1989).

Tolbert voluntarily sought chapter 7 bankruptcy relief in February 2013. The chapter 7 trustee issued a report of no assets, Tolbert received her discharge, and the Court closed her bankruptcy case. Nearly eight years later in January 2021, Tolbert, appearing *pro se*, moved to reopen her bankruptcy case to challenge the dischargeability of her student loans obtained prior to the 2013 bankruptcy filing. Leave was granted and Tolbert eventually filed an adversary complaint against Navient only, seeking discharge of $285,355 of student loan debt owed to DOE but serviced by Navient, as well as discharge of an additional private loan owed to Navient of $5,303. After Tolbert and Navient reached an agreement, the Court entered an order discharging her loan from Navient and dismissing Navient with prejudice. Tolbert subsequently filed an amended two-count complaint naming DOE as sole defendant. Count I contained an "objection to claim" and Count II sought a discharge of her consolidated DOE loans.

Although Tolbert did not point to a specific provision of the Bankruptcy Code or any rule that would entitle her to relief in the form of a discharge of her consolidated student loans, she asserted that the amount required to be paid back would place an "undue hardship" on her as a

2

single parent who has struggled with health issues that affect her ability to work.  DOE answered

the amended complaint, asserting as a defense that the student loan debt is not dischargeable

because it was incurred after the date of the bankruptcy petition.  Tolbert asked the Court for

assistance from *pro bono* counsel who attempted to negotiate a resolution with DOE.[1]  After

those discussions failed, DOE proceeded with this summary judgment filing.

At the time of Tolbert's February 2013 petition, she owed approximately $125,000 in

subsidized and unsubsidized loans to DOE.  Following that filing, Tolbert continued to request

and receive additional student loans.  In 2017, Tolbert executed an application and promissory

note for a direct consolidation loan from DOE.  In response, DOE disbursed proceeds for a

subsidized consolidation loan of $53,610 and an unsubsidized consoliation loan of $185,633 that

extinguished and paid off the outstanding balances of her existing loans.  In 2019, Tolbert

obtained additional student loans from DOE for attendance at a community college.  In February

2021, Tolbert was approved for a new consolidation loan for all her prior DOE loans. A month

later, DOE disbursed proceeds for a subsidized consolidation loan of $64,235 and an

unsubsidized consolidation loan of $221,292 that extinguished and paid off the outstanding

balances of the previously consolidated loans.  Currently, the 2021 consolidation loan is the only

loan owed by Tolbert to DOE.

### DISCUSSION

The Court has jurisdiction over this adversary proceeding pursuant to 11 U.S.C. § 1334

and Internal Operating Procedure 15(a) of the United States District Court for the Northern

District of Illinois.  This is a core proceeding under 28 U.S.C. § 157(b)(1) and (b)(2)(I).

---

[1] See https://www.ilnb.uscourts.gov/us-bankruptcy-court-volunteer-attorney-panel. The Court expresses its sincere appreciation to attorney Mike Burr for his service to the bankruptcy court and the public.

Summary judgment is appropriate when there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a), made applicable by Fed. R. Bankr. P. 7056.  "[A] party seeking summary judgment always bears the initial responsibility of informing the ... court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quotation omitted).  When deciding whether summary judgment is appropriate, a court must construe all facts and inferences in the light most favorable to the nonmovant.  *See Ortiz v. City of Chicago*, 656 F.3d 523, 530 (7th Cir. 2011).  There is a genuine issue of material fact "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Count I of Tolbert's amended complaint contains an "objection to claim," apparently directed at DOE. But because this was a no-asset case, DOE did not file a proof of claim in Tolbert's bankruptcy case.  It is unclear exactly what Tolbert is challenging here but to the extent she is disputing the amount of her student loans, DOE is correct that is not a matter for the bankruptcy court to decide.  At this juncture, the only issue properly before this Court is whether the loans are nondischargeable.  The exact amount owed is irrelevant.  Given that Tolbert has not contested DOE's argument on this count, the Court finds that summary judgment is warranted.

Count II of Tolbert's amended complaint seeks a discharge of her consolidated DOE loans.  Section 727(b) of the Bankruptcy Code states that "[e]xcept as provided in section 523 of this title, a discharge under subsection (a) of this section discharges the debtor from all debts that arose before the date of the order for relief under this chapter."  11 U.S.C. § 727(b).  The "date of

4

the order for relief" refers to the date of the filing of a bankruptcy petition—here, February 22, 2013.  11 U.S.C. § 301.   It is well-established that the discharge order applies to debts arising *before* the filing of bankruptcy in a bankruptcy case and does not discharge post-petition debts. *In re Page*, 2012 WL 5985227, at \*4 (Bankr. S.D. Ind. Nov. 29, 2012).

Tolbert's consolidated DOE loans cannot be discharged in this bankruptcy case because they arose post-petition.  The consolidation of all Tolbert's DOE student loans occurred in 2021, *after* her petition was filed in 2013.  Upon that consolidation taking effect, the debts that existed prior to the 2013 bankruptcy petition were effectively expunged and replaced with a new debt. This outcome is mandated by longstanding case law from the Seventh Circuit Court of Appeals stating that, when a debtor consolidates prior student loans, the notes on the original loans are "cancelled," and the "only outstanding debt" that remains is the "new, distinct debt incurred when [the debtor] took the consolidation loan." *Hiatt v. Indiana State Student Assistance Comm'n*, 36 F.3d 21, 23 (7th Cir. 1994).

This language from *Hiatt* has been repeatedly interpreted by courts within and beyond the Seventh Circuit as providing that when a debtor, after filing a bankruptcy petition, consolidates pre-petition student loans, those pre-petition loans are expunged and the consolidated loan is a new, post-petition debt not impacted by a discharge order.  *See In re Page*, 2012 WL 5985227, at \*3 ("whether a debt is a pre- or post-petition debt for purposes of § 727(b) remains a potential issue . . . In light of *Hiatt,* the Court cannot avoid the conclusion that the Consolidation Loan is a post-petition debt and, as such, is not subject to discharge[.]"); *see also In re Schultz*, 615 B.R. 834, 847 (Bankr. D. Minn. 2020) ("The consolidation loan, as a postpetition debt, cannot be discharged.").  This law plainly applies to the situation before the Court here since Tolbert consolidated her DOE loans in 2021, nearly eight years after filing her petition for bankruptcy

relief.  Therefore, as a matter of law, those debts are no longer eligible for discharge in connection with her 2013 bankruptcy filing.

Because Tolbert's consolidated loans arose post-petition, the Court need not analyze whether the student loans or Tolbert's situation qualify for a discharge on the basis of "undue hardship," an argument alluded to in Tolbert's amended complaint. *See In re Page* at *3 (explaining that post-petition consolidated loans are "not subject to discharge, regardless of whether [the debtor] can successfully show that repayment of the Consolidation Loan amounts to an undue hardship").  However, nothing in this Order prevents Tolbert from attempting to show in a future bankruptcy filing that the consolidated loans are pre-petition debts that satisfy the requirements for discharge under the Bankruptcy Code.

### <u>CONCLUSION</u>

For the foregoing reasons, defendant's motion for summary judgment is **GRANTED.** Accordingly, judgment on Counts I and II of the amended complaint will be entered in favor of defendant United States Department of Education and against plaintiff Christal Tolbert. A separate judgment will be entered consistent with Fed. R. Bankr. P. 9021.

ENTER:

Dated:  June 13, 2022

LaShonda A. Hunt
United States Bankruptcy Judge

6